ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| ANTONIO TORRES FERRER y la SUCESIÓN DE AGUSTÍN SILVA RAMÍREZ compuesta por AGUSTÍN SILVA MONTALVO<br><br>Apelantes<br><br>v.<br><br>WILMER RODRÍGUEZ SILVA, SUCECIÓN DE RAQUEL SILVA RAMÍREZ y otros<br><br>Apelados | KLAN202300676 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez-Aguadilla<br><br>Sobre: División o Liquidación de la Comunidad de Bienes Hereditarios<br><br>Caso Núm.: MZ2022CV00051 |
|---|---|---|

Panel integrado por su presidente, el juez Rodríguez Casillas, la juez Mateu Meléndez y el juez Marrero Guerrero.

Rodríguez Casillas, juez ponente.

### SENTENCIA

En San Juan, Puerto Rico, a 14 de diciembre de 2023.

El 3 de agosto de 2023 el Sr. Agustín Silva Montalvo (señor Silva Montalvo o apelante) acude ante nos para que revoquemos la *Sentencia* emitida el 3 de mayo de 2023 por el Tribunal de Primera Instancia, Sala Superior de Mayagüez (TPI). Allí, se desestimó por falta de madurez una demanda sobre liquidación de la comunidad de bienes hereditarios. Oportunamente, los apelados Fernando L. Sepúlveda Silva, Carmen S. Sepúlveda Silva, Pedro A. Sepúlveda Torres y Alan J. Sepúlveda Torres presentaron su alegato fijando su posición.

Evaluado el recurso, procedemos a revocar la sentencia apelada por los fundamentos que exponemos a continuación.

**-I-**

Don Agustín Silva Arce y Doña Etanislá Ramírez Cáceres procrearon ocho hijos, todos participantes de la sucesión dejada por estos; a saber: Raquel Silva Ramírez, Carmen Delia Silva Ramírez,

KLAN202300676                                                                    2

Agapito Silva Ramírez, [1] Agustín Silva Ramírez, Nicolás Silva Ramírez, Pedro Silva Ramírez, **Reinaldo Silva Ramírez** y Francisca Silva Ramírez.[2] Surge del expediente que Reinaldo Silva Ramírez contrajo nupcias con Luz María Ferrer Rodríguez bajo el régimen de Sociedad de Bienes Gananciales.[3] Durante la vigencia de la referida Sociedad de Bienes Gananciales, Reinaldo Silva Ramírez adquirió tres bienes inmuebles enclavados en una finca de carácter privativo perteneciente a este.[4]

Reinaldo Silva Ramírez falleció el 8 de abril de 2005, dejando como únicos y universales herederos a sus hermanos de doble vinculo. Años más tarde, Luz María Ferrer Rodríguez falleció y dejó como único heredero testamentario al Sr. Antonio Torres Ferrer (señor Torres Ferrer). De manera que, las Comunidades Hereditarias de Don Agustín Silva Arce y Doña Etanislá Ramírez Cáceres, Reinaldo Silva Ramírez y Luz María Ferrer Rodríguez se unieron y quedaron indivisas.

Ante este cuadro, el **3 de enero de 2022**, señor Torres Ferrer radicó una demanda contra la Sucesión de Reinaldo Silva Ramírez, Don Agustín Silva Arce y Doña Etanislá Ramírez Cáceres sobre división de Sociedad de Bienes Gananciales y división de Comunidad de Bienes.[5] Es menester señalar que se incluyeron como codemandados los siguientes:

a) **Sucesión de Raquel Silva Ramírez, mediante presentación de Declaratoria de Herederos, compuesta por sus hijos:**
(1) Wilmer Rodríguez Silva.
(2) Raquel Rodríguez Silva.
b) **Sucesión de Carmen Delia Silva Ramírez, testada, compuesta por su hija y viudo:**
(1) Vivian Valentín Silva.
(2) Carlos Valentín Carrero.

---

[1] También conocido como Luis Silva Ramírez y Agapito Sauly Silva Ramírez.
[2] También conocida como Frances Silva Ramírez y Millita Silva.
[3] También conocida como Marina.
[4] Véase, Apéndice del Apelante, pág. 5.
[5] Véase, Apéndice del Apelante, págs. 1-8.

c) **Sucesión de Agapito Silva Ramírez, mediante presentación de Declaratoria de Herederos, compuesta por su hijo:**
   (1) Luis Ángel Silva Mercado.

d) **Sucesión de Agustín Silva Ramírez, mediante presentación de Declaratoria de Herederos, compuesta por su hijo y viuda:**
   *(1) Agustín Silva Montalvo.*
   (2) Dora N. Montalvo Ortiz.

e) **Sucesión de Nicolas Silva Ramírez compuesta por sus hijos:[6]**
   (1) Nicolás Silva Efre.[7]
   (2) Carmen Rita Silva Efre.
   (3) Hilda Silva Rodríguez.

f) **Sucesión de Pedro Silva Ramírez, mediante presentación de Declaratoria de Herederos, compuesta por su hija:**
   (1) Carmen Silva Rodríguez, quien falleció y dejó como herederos a sus hijos:
      (a) Fernando Luis Sepúlveda Silva.
      (b) Pedro Jesús Sepúlveda Silva, quien falleció y dejó como herederos a sus hijos:
         (i)  Pedro Andrés Sepúlveda Torres.
         (ii) Alla Sepúlveda Torres, quien es menor de edad y se encuentra bajo la custodia y patria potestad de su madre, Luz Nereida Torres Pagán.
      (c) Silvia Sepúlveda Silva.

g) **Sucesión de Reinaldo Silva Ramírez, mediante presentación de Declaratoria de Herederos, compuesta por sus hermanos de doble vínculo:**
   (1) Sucesión de Raquel Silva Ramírez.
   (2) Sucesión de Agustín Silva Ramírez.
   (3) Sucesión de Pedro Silva Ramírez.
   (4) Sucesión de Carmen Delia Silva Ramírez.
   (5) Sucesión de Agapito Silva Ramírez.
   (6) Sucesión de Nicolás Silva Ramírez.

h) **Francisca Silva Ramírez y a su apoderada e hija:**
   (1) Gretchen Marie Seda Silva.

El codemandado Nicolás Silva Efre fue emplazado por edicto debido a que se desconocía su paradero.[8]

En apretada síntesis, el señor Torres Ferrer expresó su deseo de no permanecer en las Comunidades Hereditarias. Por lo que, le solicitó al TPI que: **(1)** ordenara la división de los Bienes Gananciales

---

[6] Nicolás Silva Efre y Carmen Rita Silva Efre también componen la Sucesión de su madre y viuda de Nicolás Silva Ramírez, Carmen Rita Efre Negrón.
[7] También conocido por Nikito Silva Efre.
[8] Tomamos conocimiento judicial del nombre de la persona a quien se emplazó por edicto a través de SUMAC. [Entrada 48].

adquiridos por **Reinaldo Silva Ramírez y Luz María Ferrer Rodríguez** durante la vigencia del matrimonio; **(2)** que le adjudicara al demandante la participación correspondiente a Luz María Ferrer Rodríguez y, a su vez, que adjudicara a los codemandados la participación que les correspondiera en la herencia de Reinaldo Silva Ramírez; **(3)** de igual forma, que se le adjudicara la participación de los codemandados en la sucesión de Don Agustín Silva Arce y Doña Etanislá Ramírez Cáceres. A inicios del caso, el señor Silva Montalvo figuraba como codemandado, pero tras varios incidentes procesales solicitó al TPI figurar como codemandante y así le fue concedido.

Trabada así la controversia, y luego de varios trámites procesales, el señor Torres Ferrer y el señor Silva Montalvo suscribieron un **Acuerdo y Estipulación el 15 de febrero de 2023**. En dicho acuerdo, el señor Torres Ferrer se obligó:

> [D]e forma libre y voluntaria renuncia y transfiere todo, derecho, acción, usufructo o participación que pudiera haber tenido la viuda Luz María Ferrer Rodríguez conocida como "Marina" en cualquier carácter en las mismas a favor de los siete (7) hermanos del difunto Reinaldo Silva Ramírez conocido como "Rene" hoy a sus herederos.[9]

De manera que, el señor Torres Ferrer renunció voluntariamente a la participación ganancial que motivó la causa de acción primaria contra los codemandados.

Por motivo de ello, el TPI dictó *Sentencia Parcial* el **3 de mayo de 2023**. En consecuencia, solo restaba dilucidar la tasación y liquidación vía venta de las únicas tres propiedades que componen el caudal de Don Agustín Silva Arce y Doña Etanislá Ramírez Cáceres; a saber: **(1)** una finca de 493.9819 metros cuadrados, **(2)** un solar de 2,420.58 metros cuadrados y **(3)** una finca de 68.00 cuerdas de terreno zonificada A-P (agrícola productiva) por el Departamento de Agricultura de Puerto Rico por lo que no puede ser segregada. A la fecha de radicación de este recurso, el solar de

---

[9] Véase, Apéndice del Apelante, pág. 21.

493.9819 metros cuadrados y el solar de 2,420.58 metros cuadrados habían sido tasados por orden del Tribunal y todas las partes **aceptaron** dichas tasaciones. Así las cosas, **solo restaba tasar la finca de 68.00 cuerdas de terreno**.

Sin embargo, el mismo **3 de mayo de 2023** el TPI dictó y notificó *Sentencia* mediante la cual desestimó sin perjuicio la demanda de epígrafe. Razonó que, por disposición de ley, se encontraba impedido de resolver la controversia sobre la partición de varias sucesiones dentro de un mismo caso. Por otro lado, encontró que no se habían llevado a cabo una multiplicidad de acciones para poder presentar un caso maduro ante el Tribunal y, por lo tanto, no era justiciable. Señaló que de la propia demanda surgía que la controversia no estaba madura, toda vez, que el demandante solicitó en su súplica lo siguiente:

> C) Ordene a los co-demandados herederos a producir la Declaratoria o Declaratorias de Herederos de aquellos que aún se desconoce las hubiesen realizado, así como a preparar y presentar sus respectivas Planillas de Caudal Relicto, en aquellos casos en que no se hubiesen procesado, en la alternativa, los Testamentos que hubiesen otorgado.[10]

Además, señala el TPI que los codemandados coherederos Fernando L. Sepúlveda Silva, Carmen S. Sepúlveda Silva, Pedro A. Sepúlveda Torres, Alan J. Sepúlveda Torres (Luz Nereida Torres Pagán) y Carmen Sylvia Sepúlveda Silva plantearon en su *Contestación a Demanda* que se negaban al nombramiento de un ejecutor por ser prematuro ya que existían procesos pendientes por realizar.

Inconforme, el **17 de mayo de 2023** el señor Silva Montalvo presentó una *Moción Urgente, Solicitando Reconsideración al Amparo de la Regla 47 de Procedimiento Civil y Solicitud de Vista Oral*. No obstante, sin que el TPI se expresara, el **2 de junio de 2023** el

---

[10] Véase, Apéndice del Apelante, pág. 8.

apelante presentó un recurso de apelación cuestionando la desestimación de la demanda.

Así las cosas, el **14 de julio de 2023** el señor Silva Montalvo presentó una *Moción Informativa* para que este Tribunal adviniese en conocimiento de que el 5 de julio de 2023 el foro recurrido declaró *No Ha Lugar* la reconsideración. Ante ese cuadro, el **21 de julio de 2023**, resolvimos desestimar el recurso ante nuestra consideración por encontrarse prematuro para su resolución.[11]

Oportunamente, el **3 de agosto de 2023**, el señor Silva Montalvo presentó el recurso de apelación que nos ocupa y, en síntesis, plantea que luego de suscribirse el **Acuerdo y Estipulación** entre el señor Torres Ferrer y el apelante, lo único que quedaba por dilucidar era la tasación de la finca restante y, posteriormente, la liquidación y venta de los bienes inmuebles que componen el caudal hereditario de Don Agustín Silva Arce y Doña Etanislá Ramírez Cáceres. Además, plantea el apelante que como aún se desconoce el paradero del coheredero Nicolás Silva Efre, era necesario que el TPI mantuviese la demanda de epígrafe activa para que el propio foro de instancia velara por los derechos del codemandado ausente. Lo anterior con miras a que, luego de la venta de las fincas, se deje consignada en el foro *a quo* la participación correspondiente al coheredero Nicolás Silva Efre. Ante este cuadro, el señor Silva Montalvo planteó la comisión del siguiente error:

> *Cometió error manifiesto, tanto de hecho como de derecho, el Tribunal de Primera Instancia, Sala de Mayagüez AL DESESTIMAR LA DEMANDA DE DIVISION HEREDITARIA, SIN CELEBRAR UNA VISTA, SIN DAR LA OPORTUNIDAD A LOS DEMANDANTES Y LOS DEMANDADOS, DE EXPONER RAZONES POR LA QUE NO SE DEBIA DESESTIMAR; y al requerirle a las partes (demandantes y demandados) el liquidar cada caudal hereditario por separado y al decretar y concluir que el caso no está maduro, ni es justiciable sobre el fundamento de la súplica de la demanda y de una alegación contenida en una de las contestaciones a la demanda, dada por un co-demandado.*

---

[11] Véase, KLAN202300484.

Por su parte, los apelados Fernando L. Sepúlveda Silva, Carmen S. Sepúlveda Silva, Pedro A. Sepúlveda Torres y Alan J. Sepúlveda Torres comparecieron mediante *Escrito Fijando Posición de la Parte Apaleada.* En síntesis, expresaron su desacuerdo con la decisión del TPI y se unieron a los planteamientos del apelante.

**-II-**

**-A-**

Es un principio reiterado en nuestro ordenamiento jurídico que los tribunales solo podemos resolver aquellos casos que sean justiciables.[12] Nuestro Tribunal Supremo ha establecido que los tribunales existen únicamente para resolver controversias genuinas, surgidas entre partes opuestas que tienen un interés real de obtener un remedio que haya de afectar sus relaciones jurídicas.[13] Consecuentemente, se requiere la existencia de un caso o controversia real es para el ejercicio válido del poder judicial.[14] La doctrina de justiciabilidad impone en nuestro ordenamiento jurídico ciertas limitaciones al ejercicio del poder judicial con el fin de que los tribunales podamos determinar el momento oportuno para nuestra intervención.[15]

Para que una controversia sea justiciable se debe evaluar si es (1) tan definida y concreta que afecte las relaciones jurídicas entre las partes que tienen un interés jurídico antagónico; (2) que el interés sea real y substancial y que permita un remedio específico mediante una sentencia de carácter concluyente; y (3) si la controversia es propia para una determinación judicial distinguiéndose de una disputa de carácter hipotético o abstracto, y de un caso académico o ficticio.[16] Por el contrario, se entiende que

---

[12] *Lozada Sánchez et al. v. JCA*, 184 DPR 898, 917 (2012).
[13] *ELA v. Aguayo*, 80 DPR 552, 558-559 (1958).
[14] *Ortiz v. Panel FEI*, 155 DPR 219, 251 (2001).
[15] *Presidente de la Cámara v. Gobernador*, 167 DPR 149, 157 (2006).
[16] *Asoc. Fotoperiodistas v. Rivera Schatz*, 180 DPR 920, 932 (2011); *Noriega v. Hernández Colón*, 135 DPR 406, 421-422 (1994); *ELA v. Aguayo*, *supra*, pág. 584.

una controversia no es justiciable cuando (1) se trata de resolver una cuestión política; (2) una de las partes no tiene legitimación activa; (3) es o se convierte en académica; (4) se busca obtener una opinión consultiva; o (5) se promueve un pleito que no está maduro.[17]

El concepto de madurez se enfoca en la proximidad temporal o inminencia del daño alegado y debe examinarse mediante un análisis dual; primeramente, debe examinarse si la controversia sustantiva es apropiada para resolución judicial y segundo, debe evaluarse si el daño es suficiente para requerir adjudicación.[18] De manera que, el factor determinante es que la controversia esté definida concretamente de tal forma que el tribunal pueda evaluarla en sus méritos. [19] Los tribunales deben determinar si existe realmente una controversia entre las partes de naturaleza justiciable propia de un pronunciamiento.[20]

**-B-**

En Puerto Rico, con la muerte del causante se provoca la apertura de su sucesión y, a su vez, nace el derecho a adquirir la propiedad y la posesión de los bienes que constituyen el caudal hereditario.[21] Cuando son más de uno los herederos llamados a una sucesión, se configura una comunidad hereditaria.[22]

El Código Civil de Puerto Rico dispone que ningún heredero está obligado a permanecer en la comunidad hereditaria y por ello, puede solicitar que se divida o se haga la partición correspondiente.[23] Un heredero solo estará obligado a permanecer en estado de indivisión cuando el testador expresamente hubiese

---

[17] *Id.*
[18] *Com. De la Mujer v. Srio. De Justicia*, 109 DPR 715, 722 (1980).
[19] *Rexach v. Ramírez*, 162 DPR 130, 142 (2004).
[20] *Id.*
[21] *Arrieta v. Chinea Vda. de Arrieta*, 139 DPR 525, 532-533 (1995).
[22] *Cintrón Vélez v. Cintrón De Jesús*, 120 DPR 39, 48 (1987).
[23] 31 LPRA sec. 2857. Se hace referencia al Código Civil de 1930 debido a que todos los causantes fallecieron antes de la vigencia de la Ley 5-2020.

prohibido la división del caudal o de alguno de los bienes.[24] En nuestra jurisdicción la división de la comunidad hereditaria se puede realizar mediante la partición testamentaria, la partición convencional o la *partición judicial*.

Cuando los herederos no pueden ponerse de acuerdo en cuanto a la forma de efectuar la partición de los bienes, se realiza la partición judicial. Mediante este acto jurídico los herederos, quienes hasta ese momento únicamente son titulares de una cuota abstracta sobre la totalidad del caudal hereditario, convierten sus participaciones indivisas en la herencia en bienes determinados o cuotas sobre bienes determinados.[25] El Código Civil permite que cualquiera de los herederos solicite la partición judicial de una herencia cuando no existe un acuerdo del modo en que se llevará a cabo la partición.[26] La partición judicial es el procedimiento adecuado para ponerle fin al estado de indivisión de una herencia, por lo que su propósito es obtener la terminación de la comunidad hereditaria.[27]

**-III-**

El señor Silva Montalvo y los apelados Fernando L. Sepúlveda Silva, Carmen S. Sepúlveda Silva, Pedro A. Sepúlveda Torres y Alan J. Sepúlveda Torres sostienen que el TPI incidió al desestimar la demanda de epígrafe por alegada falta de madurez. Tienen razón.

**En primer lugar**, cabe indicar que la demanda de epígrafe surgió primordialmente para la división y liquidación de la Sociedad de Bienes Gananciales habida entre Reinaldo Silva Ramírez y Luz María Ferrer Rodríguez. Por ello, resultaba necesario dividir y liquidar esa sociedad debido a que se habían confundido los bienes privativos de Reinaldo Silva Ramírez con los bienes gananciales. Así

---

[24] 31 LPRA secs. 2871-2872.
[25] *Sucn. Sepúlveda Barreto v. Registrador,* 125 DPR 401, 405 (1990).
[26] 31 LPRA sec. 2872.
[27] *Sucn. Maldonado v. Sucn. Maldonado,* 166 DPR 154, 176 (2005).]; *Arrieta v. Chinea, supra,* pág. 534.

pues, liquidada la Sociedad de Bienes Gananciales por medio del **Acuerdo y Estipulación** habido entre el señor Torres Ferrer y el señor Silva Montalvo, solo restaba tasar los bienes que componen el caudal hereditario de Don Agustín Silva Arce y Doña Etanislá Ramírez Cáceres.

**En segundo orden**, si bien es cierto que el señor Torres Ferrer radicó la demanda de epígrafe con el fin de dividir y liquidar la sociedad ganancial habida entre Reinaldo Silva Ramírez y Luz María Ferrer Rodríguez, también es cierto que entre sus reclamos estaba liquidar y dividir la comunidad hereditaria de Don Agustín Silva Arce y Doña Etanislá Ramírez Cáceres al igual que la comunidad hereditaria de Reinaldo Silva Ramírez. Es decir, la división y liquidación de la Sociedad de Bienes Gananciales es un medio necesario para poder atender las comunidades hereditarias restantes. Nótese, que cuando los coherederos/apelados presentaron su contestación a la demanda alegaron que era prematuro el nombramiento de un ejecutor, porque todavía estaba pendiente la división y liquidación de la Sociedad de Bienes Gananciales. Resuelto ese asunto mediante el **Acuerdo y Estipulación**, el caso ante nuestra consideración se encuentra listo para ser atendido por el foro *a quo*.

**En tercer orden**, <u>solo resta tasar la finca de 68.00 cuerdas de terreno</u>, para poder disponer mediante venta de todas las propiedades. Cuando el proceso de venta haya culminado, el tribunal podrá proseguir con el proceso de dividir y adjudicar las participaciones entre los coherederos de Don Agustín Silva Arce y Doña Etanislá Ramírez Cáceres; y de igual modo, procederá dividir y adjudicar las participaciones entre los coherederos de Reinaldo Silva Ramírez. Solo así se podrá dividir y liquidar la comunidad hereditaria. Como bien señalaron el señor Silva Montalvo y los coherederos apelados, no existe controversia entre las partes ni

impedimento alguno para resolver los asuntos pendientes. Además, todos los coherederos comparecieron y el tribunal conoce las sucesiones que se formaron mediante testamento y las que se formaron mediante declaratoria de herederos. En fin, obligar a los coherederos a instar nuevamente una acción de división bajo los mismos planteamientos sería una duplicidad de esfuerzos.

Por último, nuestra jurisprudencia señala que no es necesario acudir a los tribunales para la división y liquidación de comunidades hereditarias **cuando existe unanimidad entre los herederos**. En el caso ante nuestra consideración, aún se desconoce el paradero del coheredero Nicolás Silva Efre. Por ello, los coherederos correctamente acudieron al foro de instancia para que se velara por los derechos y las participaciones que en su día le correspondan al mismo. Por lo tanto, el TPI debe retener jurisdicción sobre el coheredero Nicolás Silva Efre y proceder con la tasación de la finca restante.

En virtud de lo anterior, revocamos el dictamen recurrido y se devuelve para la continuación de los procedimientos antes señalados.

**-IV-**

Por los fundamentos antes expuestos, revocamos la Sentencia apelada. Se devuelve el caso al TPI para que continúe con los procedimientos de conformidad con lo aquí resuelto.

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones